Fite v. Fite.

---

CASE 22—PROCEEDING ON RULE FOR FAILING TO PAY ALIMONY PREVIOUSLY ADJUDGED—FEB. 28.

# Fite v. Fite.

APPEAL FROM BRACKEN CIRCUIT COURT.

JUDGMENT DISCHARGING RULE AND PLAINTIFF APPEALS.   AFFIRMED.

BANKRUPTCY—DISCHARGE AS BAR TO ENFORCEMENT OF JUDGMENT FOR ALIMONY.

Held:   A discharge in bankruptcy is a bar to the enforcement of a judgment for alimony previously rendered against the husband.

GEORGE DONIPHAN AND A. E. WILLSON, FOR APPELLANTS.

QUESTIONS DISCUSSED AND AUTHORITIES CITED.

1. Alimony is a duty, not a debt founded on contract or judgment, and whether accrued or accruing, decreed as a lump sum, or installments, is not a claim provable in bankruptcy.  Sec. 63 a, 1, b, 1898 Bankruptcy Act; Loveland's Law & Proceedings in Bankruptcy, p. 218, sec. 110; 94 Fed. Rep., 119 *In re* Houston; 99 Ky., 33 and 34, Tyler v. Tyler; 49 La. Ann. 1503 (22 So., 887), State v. King; *In re* Garrett Federal Case, No. 5252; *In re* Lachmeyer Federal Case, No. 7966; *In re* Anderson, 97 Fed. Rep., 321; *In re* Shepard, 97 Fed. Rep., 187; *In re* Nowell, 99 Federal Rep., 931; Barclay v. Barclay Ill. Sup. Ct.; *In re* Emil J. Smith Buffalo Referee; 21 Ky. Law Rep., 1093, Franck v. Franck.
2. The duty to support the children was not discharged by appellee's bankruptcy.  98 Fed. Rep., 710 (West system); *in re* Hubbard.

F. T. FOX, ATTORNEY FOR APPELLEE.

   (No brief.)

Opinion of the Court by JUDGE GUFFY—Affirming.

At the July term, 1898, of the Bracken Circuit Court,
the appellant obtained a divorce from the appellee, and
was given the care and custody of their two infant chil-
dren.   It is further adjudged that the defendant pay the
cost of the suit, including an attorney's fee of $50 for plain-
tiff's attorney.   The following also appears in the said
judgment: "It is ordered and adjudged that from this
date the defendant pay to the plaintiff, as and for alimony,
the sum of twenty-five dollars per month, payable on the
7th day of each month henceforth, which may be collected
by execution, or by other process or orders of this court."
At the March term, 1900, of the said circuit court, the ap-
pellant, then plaintiff, moved the court to redocket the
aforesaid case of Annie O. Fite against William E. Fite;
and plaintiff claimed that the defendant has failed to pay
any installment of the alimony since the —— day of ——,
1899, and asked the court to enforce its order, and to issue
a writ returnable forthwith against the defendant to show
cause why he has so failed, an why he should not be pun-
ished for contempt.   The plaintiff also moved the court
to require the defendant to pay a monthly stipend for the
support of the children awarded to her.   The court pro-
ceeded to redocket the suit aforesaid, and issued the rule
prayed for, returnable to the March term, 1900, of the
said court.   The response of the defendant showed that
since February 10, 1900, he was adjudged a bankrupt by
the district court of the United States for the district of
Kentucky, and filed his discharge in bankruptcy, and pray-
ed that an order be entered enjoining the plaintiff and
George Doniphan from further proceeding to collect said
sums of money, or from enforcing said judgment against
the defendant.   The discharge referred to is as follows:

"It is therefore ordered by this court that William E. Fite be discharged from all debts and claims which are made provable by said acts against his estate, and which existed on the 24th day of November, A. D., 1898, on which day the petition for adjudication was filed by him, excepting such debts as are by law excepted from the operation of a discharge in bankruptcy.  Witness:    The Hon. Walter Evans, Judge of said District Court and the seal thereof, this 15th day of June, A. D., 1900.   Thomas Speed, Clerk." The reply of plaintiff traverses the fact or claim that the discharge relied on by defendant is any bar to the collection of her claim.   At the October term, 1900, of the said Bracken Circuit Court, the court, after reciting the matters and things in controversy, rendered the following judgment:  "Upon proof heard and argument of counsel, the court finds, further, that the defendant is in arrears in the payment of the installments of alimony to October 7, 1900, in the sum of $417.41, and of that sum $117.41 was due at the time of the filing of the petition in bank ruptcy by defendant, and $300 has since accrued; also that from and after the 7th day of October, 1900, the alimony installments, at the rate of twenty-five dollars per month, are accruing and will accrue under the hereinafter set out judgment; that alimony accrued and to accrue under the aforesaid judgment is a provable claim in bankruptcy, and the discharge of the defendant in bankruptcy operated as a discharge of all moneys due, or to become due, as and for alimony.   It is therefore ordered and adjudged that the plaintiff's motion herein be, and it is, overruled. The rules issued against the defendant are discharged. The response by the defendant, filed July 15, 1900, herein, is adjudged sufficient, and in accordance with the prayer of said response the plaintiff herein, Annie O. Fite, is per-

petually enjoined and restrained from collecting, or at-
tempting to collect, from the defendant the sums afore-
said, or any other sums accruing under said judgment."
Plaintiff's motion to vacate or modify the foregoing judg-
ment was overruled; hence this appeal.

The question presented for decision is whether appel-
lee's discharge in bankruptcy is a bar to the prosecution
or collection of the alimony theretofore adjudged to appel-
lant. By section 1 of the bankruptcy act of July 1, 1898,
it is said that "debt shall include any debt, demand, or
claim provable in bankruptcy; discharge shall mean the
release of a bankrupt from all of his debts which are
provable in bankruptcy, except such as are excepted by this
act." By section 63 of said act, the debts which may be
proved are stated thus: "Debts of the bankrupt may be
proved and allowed against his estate which are a fixed
liability, as evidenced by a judgment or an instrument
in writing, absolutely owing at the time of the filing of
the petition against him, whether then payable or not,
with any interest thereon which would have been recover-
able at that date or with a rebate of interest upon such
as were not then payable and did not bear interest. . ."
By section 17 it is provided: "A discharge in bankruptcy
shall release a bankrupt from all his provable debts, ex-
cept such as are due as a tax levied by the United States,
the State, county, district, or municipality in which he
resides; judgments in actions for frauds, or obtaining
property by false pretenses or false representations, or
for willful and malicious injuries to the persons or prop-
erty of another; have not been duly scheduled in time
for proof and allowance, with the name of the creditor if
known to the bankrupt, unless such creditor had notice
or actual knowledge of the proceedings in bankruptcy;

Fite v. Fite.

or were created by his fraud, embezzlement, misappropri-
ation, or defalcation while acting as an officer or in any
fiduciary capacity." The District Court of Kentucky, in
Re Houston, 94 Fed. 119, had under consideration the pre-
cise question involved in the case at bar. It appears from
the opinion in the case, *supra*, that the Circuit Court of
Campbell County had committed to jail the petitioner
for the reason that he had failed and refused to pay a
judgment against him for alimony in weekly installments
of five dollars each, notwithstanding his discharge in
bankruptcy. The petitioner appealed to said district
court to be released under a writ of *habeas corpus*. The
district court, among other things, said: "Among these
benefits was that of claiming a discharge from all liabili-
ties of every character which, by the terms of the bank-
rupt law, were provable debts against his estate, with
certain exception specified in the act." The court then
refers to section 1 of said act, heretofore quoted, and then
said: "Whether wisely or unwisely, Congress did not in
fact, in section 63, distinguish between judgments for ali-
mony and other judgments, when including them in the
list of provable debts; nor did it, in section 17, include
judgments of that class among those not to be affected
by a discharge in bankruptcy. The bankrupt court in
this case had so decided on the motion for a stay of pro-
ceedings, and had directly passed upon the question in
holding that a stay should be ordered. While, in making
the order for a stay of proceedings, the court only looked
at the question from a standpoint of the past-due in-
stallments of alimony, it is strongly inclined to the opinion
that the peculiar form of judgment by which alimony is
usually allowed may be properly classed among certain
of the unliquidated demands of the bankrupt, to be liqui-

dated and made certain in amount pursuant to section 63 of the act, and, if the State law gave it priority, such judgments could be allowed a preference of payment out of the assets. And it should not be overlooked that the Court of Appeals of Kentucky in the case of Tyler v. Tyler, 99 Ky., at page 34, 34 S. W., 899, in speaking of a judgment against the husband for alimony, said that it 'makes him an ordinary debtor to the wife for a fixed sum of money, that his estate is liable for in the same manner that it would be for a debt due upon any contract.' But whether the judgment be a fixed liability or a contingent one is immaterial in this case, because all these questions must be settled and disposed of in the bankruptcy court alone, and, while the judgment of the court thereon may be erroneous, it is not void, nor, so long as it remains unreversed, is it to be disregarded by the State court. . . ." It will be seen from the judgment of the Bracken Circuit Court that the court heard proof, which, however, is not certified to us; and it must be presumed that, so far as testimony affects the judgment, the same was amply sufficient to authorize the judgment rendered. It may be conceded that some State courts have reached a different conclusion. But it is also true that the law in some of the States in regard to alimony differs materially from the law of this State as declared in Tyler v. Tyler, *supra*. It may be in order to remark, further, that the honorable judge of the District Court of Kentucky was a member of Congress when the bankrupt law under consideration was enacted, and taking that, together with the well-known legal ability of the judge, into consideration, his opinion in respect to said law is entitled to very great consideration. This court has nothing to do with the question of sentiment that may be supposed to enter

into the question under consideration, nor can the moral
duty, if such there be, resting upon the appellee to pay
the alimony in question, be considered in determining
the law governing the case.   This court must respect and
obey the law as it exists.   Judgment affirmed.